# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAMON SHAWN LLOYD,                          Case No. 1:15-cv-485
      Petitioner,

                                      Beckwith, J.
      vs.                                   Wehrman, M.J.

WARDEN, CHILLICOTHE                         **REPORT AND**
CORRECTIONAL INSTITUTION,                   **RECOMMENDATION**
      Respondent.

        Petitioner, an inmate at Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4). Respondent has filed a motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit, on the ground that the petition is "successive" within the meaning of 28 U.S.C. § 2244(b). (Doc. 9). Petitioner has filed a response and memorandum opposing respondent's motion. (Doc. 10).

## I. BACKGROUND

        On March 12, 2010, petitioner, through counsel, filed his first habeas corpus petition in this Court, challenging his 2007 Warren County, Ohio murder conviction and sentence. *Lloyd v. Warden*, No. 1:10-cv-169, (Spiegel, J.; Litkovitz, M.J.) (S.D. Ohio March 12, 2010) (Doc. 1). Petitioner raised the following seven grounds for relief:

> **GROUND ONE:** The use of Petitioner's silence and request for counsel as proof of guilt by the State was a violation of Petitioner's Fifth Amendment right against self-incrimination.
>
> <u>Supporting Facts</u>: Petitioner was cross examined at trial about invoking his right to remain silent and his request for counsel prior to speaking to investigating officers. This cross examination of Petitioner arose after, on direct examination, Petitioner was asked by his counsel if he was given the opportunity to explain to the investigating officers the facts surrounding the shooting incident. Petitioner raised the issue, in the Twelfth District Court of Appeals and the Ohio Supreme Court that while counsel for Defendant did not object to the cross examination, the line of questioning constituted plain error.

**GROUND TWO:** The trial court erred in failing to consider the lesser included offense of involuntary manslaughter which denied Petitioner due process of law pursuant to the Fifth and Fourteenth Amendments of the Federal Constitution.

<u>Supporting Facts</u>: The facts elicited at trial establish that the alleged victim was shot while intruding or attempting to intrude into Petitioner's home.  That Petitioner was in fear of the alleged victim and there was a confrontation between the alleged victim and Petitioner while the alleged victim was intruding or attempting to intrude into Petitioner's home.  Petitioner shot the alleged victim while trying to protect himself, his home, and his family and without the purpose or intent to kill the alleged victim.  The record supports a finding of involuntary manslaughter with a underlying felony of felonious assault.

**GROUND THREE:** Petitioner's conviction was not supported by sufficient evidence and was against the manifest weight of the evidence denying Petitioner due process of law pursuant to the Fifth and Fourteenth Amendments of the Federal Constitution.

<u>Supporting Facts</u>: The trial record does not support a conviction for murder in light of the evidence of the alleged victim's intrusion or attempted intrusion into Petitioner's residence, Petitioner's fear of the alleged victim and the confrontation between the Petitioner and the alleged victim occurring simultaneously with the alleged victim's intrusion or attempted intrusion into Petitioner's residence.  The trial courts rejection of Petitioner's assertion of self defense, and his assertion that the offense, if committed, constituted voluntary or involuntary manslaughter is not supported by the record.

**GROUND FOUR:** Petitioner denied a fair trial due to the ineffective assistance of trial counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights to the effective assistance of counsel.

<u>Supporting Facts</u>: Trial counsel's failure to object to the State's questioning regarding post-arrest silence and invocation of right of counsel as well as trial counsel's failure to request lesser included of involuntary manslaughter.  Furthermore, trial counsel's failure to utilize other relevant evidence available to the Defendant at the time of the trial as set forth in Petitioner's Petition for Post-Conviction Relief.

**GROUND FIVE:** Petitioner was denied due process of law due to the ineffective assistance of appellate counsel in violation of Petitioner's Fifth, Sixth and

Fourteenth Amendment rights under the Federal Constitution to have the effective assistance of appellate counsel.

Supporting Facts: Appellate counsel failed to raise the following issues in Petitioner's original appeal. The trial court, as trier of fact failed to apply the correct law regarding self-defense; failed to apply the correct law in determining the credibility of Petitioner as a witness; and failed to apply the correct law and improperly drew negative inferences from Petitioner's failure to call certain witness at trial.

**GROUND SIX:** Petitioner conviction should be vacated upon application of "new rule" of substitive (sic) and/or procedural statutes. In absence of application of this "new rule" Petitioner is denied due process of law pursuant to the Fifth and Fourteenth Amendments of the Federal Constitution.

Supporting Facts: Petitioner's defense of self-defense was rejected by the trial court as trier of fact. On September 9, 2008 the Ohio General Assembly enacted O.R.C. 2901.09 and 2901.05(B)(1). 2901.09 codifies Ohio case law with respect to a person's duty to retreat before using self-defense in one's home. 2901.05(B)(1) creates a presumption that a person has acted in self-defense when using force that is intended or likely to cause death or great bodily harm if the defensive force is used against someone in the process of unlawfully entering or has unlawfully entered the residence of the person using such force. This presumption can be rebutted by the State by a preponderance of the evidence. This "new rule" shifts burdens with respect to affirmative defenses and would require the State in this case to rebut the presumption that Petitioner acted in self-defense. This "new rule" of substitive/procedural (sic) legislation warrants retroactive application to Petitioner's case.

**GROUND SEVEN:** Petitioner was denied a fair trial where the trier of fact applied the wrong law regarding all material aspects of the case in violation of Petitioner's Fifth, Sixth and Fourteenth Amendment rights under the Federal Constitution.

Supporting Facts: Trial counsel failed to provide the trial court with the correct law on all material aspects of Petitioner's case and failed to object to the trial court's use of the incorrect law at the time the trial court rendered its decision. Appellate counsel failed to raise the following issues in Petitioner's original appeal. The trial court, as trier of fact failed to apply the correct law regarding self-defense; failed to apply the correct law in determining the credibility of Petitioner as a witness; and failed to apply the correct law and improperly drew negative inferences from Petitioner's failure to call certain witness at trial. This resulted in violation of Petitioner's Constitutional right to a fair trial and to Petitioner's opportunity to present a complete defense to a properly instructed trier of fact.

(*Id.*, Doc. 1).  Petitioner subsequently withdrew all but grounds five and seven.  (*See id.*, Doc. 19, pp. 5–24).  On January 10, 2012, the Court denied the petition, finding that petitioner procedurally defaulted and waived his grounds for relief.  (*Id.*, Doc. 25).  Petitioner subsequently sought an appeal from the Sixth Circuit Court of Appeals, however the Sixth Circuit dismissed the appeal because petitioner failed to file a timely notice of appeal.  (*Id.*, Doc. 29).

The instant pro se petition for federal habeas relief was filed on July 22, 2015.  Petitioner asserts the following single ground for relief:

> **GROUND ONE**:  The Ohio State Courts erred and abused their discretion by allowing the Plain Errors to not even be reviewed; and affirming Petitioner's Judgment of conviction and illegal Sentence; by denying his clearly defined Motion as a Post Conviction Petition and denying an Evidentiary Hearing after scheduling a date and time; as well as denying him and his family access to the Hearing.

(Doc. 1 at PageID 34).

## II.  MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition.  In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.

4

28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute.  *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).  However, not all subsequent petitions relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)).  In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals,

because the prior dispositions were not "on the merits."  *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey,* 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits."  In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application.  *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205–06 (2nd Cir. 1998).[1]

In this case, petitioner requests that the Court "review the legality and constitutional basis of his conviction and sentence; as well as the Decisions denying his Motions (and appeals) to Correct an Illegal Sentence and Motions (and appeals) to Present Additional Plain Errors under Criminal Rule 52(B) herein."  (Doc. 4 at PageID 28–29).  Petitioner claims that the Ohio courts improperly construed his motion to correct an illegal sentence as a post-conviction petition and failed to provide him with an evidentiary hearing, which he claims deprived him of his due process rights and access to the courts.  (*See* Doc. 10 at PageID 83).  In the body of the petition, petitioner also raises claims challenging his underlying conviction.  Petitioner claims that the prosecution failed to prove all the elements required to support his murder conviction, the prosecution withheld information about the victim's criminal history, and his claim of self-

---

[1] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, . . . is not the equivalent of a successive habeas petition").

defense was ignored. (*See* Doc. 4 at PageID 34–35).

To the extent that petitioner seeks to challenge the trial court's June 19, 2013 denial of his motion to correct an illegal sentence, petitioner has failed to state a cognizable ground for federal habeas relief.

The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Moreover, it is well-settled in the Sixth Circuit that the "the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, . . . which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *10 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002)). Therefore, alleged error in the adjudication of petitioner's post-conviction motion does not implicate constitutional concerns and, in any event, involves a "collateral matter" that falls outside the scope of federal habeas review. *Cf. id.* (involving claims of error that allegedly occurred on appeal from the denial of the petitioner's post-sentence motion to withdraw his guilty plea); *Brown v. Warden, Lake Erie Corr. Inst.*, No. 1:11cv2765, 2014 WL 132367, at *1, *17-18 (N.D. Ohio Jan. 14, 2014) (and cases cited therein) (involving claim challenging the denial of a motion for new trial based on

new evidence without a hearing).

To the extent that petitioner challenges his 2007 murder conviction in the body of the petition, these claims are successive. Petitioner attacks the same conviction and sentence that he challenged in his prior petition and this Court's decision denying the prior petition based on procedural defaults constitutes a decision on the merits. *In re Cook,* 215 F.3d at 608 (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits"); *O'Hara v. Timmerman-Cooper*, No. 1:10-cv-369, 2011 WL 926048, at *2 (S.D. Ohio Jan. 5, 2011) ("The Court's decision denying the prior petition on the ground that some claims were procedurally defaulted and the others lacked merit constitutes an adjudication on the merits."). Petitioner either raised or could have raised his current claims in his prior petition. [2] In any event, petitioner fails to show that his claims rely on a new rule of constitutional law or that the factual basis for his claims could not have been discovered previously through the exercise of due diligence. Petitioner has further failed to demonstrate that the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Accordingly, the undersigned finds that the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

---

[2] As noted above, petitioner raised claims challenging the sufficiency of evidence and his self-defense claim in his first habeas corpus petition, before he withdrew the grounds for relief. Even if the Court could conclude these claims were not raised in the prior petition by virtue of his withdrawing them, petitioner fails to make the required showing under 28 U.S.C. § 2244(b)(2).

8

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby **RECOMMENDED** that respondent's motion to transfer (Doc. 9) be **GRANTED**  and the petition for a writ of habeas corpus (Doc. 4) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

**IT IS SO RECOMMENDED.**

Date:   2/16/2016                              s/ J. Gregory Wehrman
                                              J. Gregory Wehrman
                                              United States Magistrate Judge

9

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAMON SHAWN LLOYD,                                    Case No. 1:15-cv-485
      Petitioner,

                                        Beckwith, J.
      vs.                                          Wehrman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of
the recommended disposition, a party may serve and file specific written objections to the
proposed findings and recommendations.   This period may be extended further by the Court on
timely motion for an extension.  Such objections shall specify the portions of the Report objected
to and shall be accompanied by a memorandum of law in support of the objections.  If the Report
and Recommendation is based in whole or in part upon matters occurring on the record at an oral
hearing, the objecting party shall promptly arrange for the transcription of the record, or such
portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the
assigned District Judge otherwise directs.  A party may respond to another party's objections
**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in
accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140
(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10